Jim **GREEN, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**MARCH FONG EU, Secretary of State for the State of California, the State of California, et al., Defendants.**

**No. C 82–1406 SAW.**

United States District Court, N. D. California.

June 28, 1982.

Jim Green, in pro. per.

Anthony L. Miller, Chief Counsel, Richard B. Maness and William P. Yee, Staff Counsels, Sacramento, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

Plaintiff filed the instant complaint on April 9, 1982 challenging the constitutionality of California Election Code sections 6551, 6552, 6553, and 6555. Those sections provide that each declaration of candidacy must be signed by the county clerk, be affixed with a stamp which reads "Official Filing Form", and be accompanied by the proper filing fee or, in the alternative, a petition containing ten thousand (10,000) signatures. Plaintiff alleges that he made a timely declaration of his candidacy for the office of United States Senator to the office of the Secretary of State for California. However, plaintiff failed to meet any of the aforementioned requirements. He was denied certification as a candidate. Consequently, his name was not eligible for inclusion on the June 8, 1982 primary ballot.

Plaintiff now claims that the filing fee and petition requirements are unconstitutional. He further claims that the defendants' denial of plaintiff's certification and the lack of notice and a hearing to show cause why his certification was denied violates his civil rights under 42 U.S.C. § 1983 and the civil rights of all those similarly situated. Defendants move for dismissal or to quash service of process, or, in the alternative, for summary judgment. Defendants' motion for summary judgment must be granted.

The defendants and plaintiff agree that the deadline for declaring candidacy was March 12, 1982. Plaintiff does not challenge the filing deadline, but only the fee or petition requirement. The defendants have furnished the Court with plaintiff's notarized declaration of candidacy dated March 22, 1982. (Defendants' exhibit B). The notarized declaration clearly establishes that plaintiff failed to make a timely declaration as required by statute. (California Election Code, §§ 6490 and 6491). Plaintiff, therefore, lacks standing to challenge the filing fee or petition requirement. As the Supreme Court held in *Storer v. Brown*, 415 U.S. 724, 736–7, 94 S.Ct. 1274, 1282–1283, 39 L.Ed.2d 714 (1974), where a candidate is validly barred from access to the ballot under one provision of the election code, then "... there is no need to examine the constitutionality of the other provisions of the Election Code as they operate singly or in combination as applied to these candidates." Since there is no justiciable controversy as required by the U. S. Constitution, Art. III, *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975), defendants' motion for summary judgment must be granted.

In any event, the Court notes that the plaintiff's claims lack merit. In *Cross v. Fong Eu*, 430 F.Supp. 1036 (N.D.Cal.1977) the court held that California's election provisions provide a reasonable alternative to the filing fee requirement and that the petition procedure is constitutionally valid on its face. The Court is in accord with the holding in *Cross*. Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted.